UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONI H., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-5992 BHS <br><br> ORDER AFFIRMING DENIAL OF BENEFITS |

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    ( ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 42 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff: Abdomen pain, malabsorption syndrome, depression, anxiety. AR at 40, 69.

Disability Allegedly Began: October 1, 2009

Principal Previous Work Experience: Real estate agent, receptionist.

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

This is the third time this case is before the Court. Administrative Law Judge ("ALJ") Cynthia Rosa originally held a hearing in this matter on December 20, 2012, after which she issued a decision finding Plaintiff not disabled. *See* AR at 18–30, 35–67. On May 5, 2015, Magistrate Judge Karen L. Strombom reversed that decision and remanded the matter for further administrative proceedings. *Id.* at 649–58.

On remand, ALJ Rosa held a second hearing, and again issued a decision finding that Plaintiff was not disabled. *Id.* at 546–61, 598–617. On November 28, 2016, Magistrate Judge J. Richard Creatura reversed ALJ Rosa's second decision and remanded the matter for further administrative proceedings. *Id.* at 1013–29.

On the most recent remand, the matter was considered by ALJ Marilyn S. Mauer. *See id.* at 926–45.

- Before ALJ:

    Date of Hearing: August 28, 2017, April 3, 2018

    Date of Decision: September 25, 2018

    Appears in Record at: AR at 926–45

    Summary of Decision:

    The claimant met the insured status requirements of the Social Security Act (the "Act") through December 31, 2014.

    The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2009, through her date last insured of December 31, 2014. *See* 20 C.F.R. §§ 404.1571–76.

    Through the date last insured, the claimant had the following severe impairments: Post gastric bypass syndrome with iron deficiency, status

post ventral hernia repair, low back pain, morbid obesity, chronic pain syndrome, depression, anxiety, and posttraumatic stress disorder. *See* 20 C.F.R. § 404.1520(c).

Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

Through the date last insured, the claimant had the residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a). The claimant could lift 10 pounds frequently, and less than 10 pounds occasionally. She could sit, stand, and walk up to two hours in an eight-hour work day. She could sit for at least six hours in an eight-hour work day. She could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs. She could occasionally stoop, kneel, crouch, and crawl. She could not be exposed to vibrations and hazards. She could understand, remember, and carry out instructions to complete tasks requiring a GED reasoning level of two or less. She could work in a setting with no public contact.

Through the date last insured, the claimant was unable to perform any past relevant work. *See* 20 C.F.R. § 404.1565.

The claimant was a younger individual (age 18–49) through the date last insured. *See* 20 C.F.R. § 404.1563.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. § 404.1564.

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills. *See* Social Security Ruling 82–41; 20 C.F.R. Part 404, Subpt. P, App. 2.

Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

> The claimant was not under a disability, as defined in the Act, at any time from October 1, 2009, the alleged onset date, through December 31, 2014, the date last insured.

- Before Appeals Council:

The Appeals Council did not assume jurisdiction of the case and Plaintiff did not seek its review. *See* Pl. Op. Br. (Dkt. # 8) at 2. The ALJ's decision thus became the Commissioner's final decision. *See* 20 C.F.R. § 404.984(d).

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff[1] (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the

---

[1] Plaintiff opted not to file a reply brief. *See* Notice (Dkt. # 10).

evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUE ON APPEAL

Whether the ALJ harmfully erred in failing to include Leslie Postovoit, Ph.D.'s opinion that Plaintiff could work only daytime shifts in the RFC and hypotheticals to the vocational expert ("VE").

# VII. DISCUSSION

Plaintiff contends that the ALJ failed to fully incorporate Dr. Postovoit's opinions into the RFC and hypothetical questions posed to the VE, depriving the ALJ's finding at step five of substantial evidentiary support. Pl. Op. Br. at 3.

Dr. Postovoit reviewed Plaintiff's records as part of the Social Security Administration's reconsideration of Plaintiff's application for disability insurance benefits. *See* AR at 82-96. Based on that review, Dr. Postovoit opined, among other things, that Plaintiff "needs to work a regular daytime shift, vs. a rotating or a night shift." *Id.* at 94.

The ALJ gave Dr. Postovoit's opinions "significant weight." *Id.* at 940. Without explanation, however, the ALJ did not include a restriction to daytime shifts in the RFC or hypotheticals posed to the VE. *See id.* at 932, 978-85.

The Commissioner rightly concedes error. *See* Def. Br. (Dkt. # 9) at 2. "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas*, 278 F.3d at 956 (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). By failing to include Dr. Postovoit's daytime shift restriction in the hypotheticals to the VE, the ALJ erred.

The Commissioner argues that the ALJ's error was harmless. Def. Br. at 2–4. "An ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008)). "In other words, in each case we look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* The Commissioner argues that the ALJ's error was harmless because one of the jobs the ALJ identified at step five satisfies Dr. Postovoit's daytime shift restriction and the RFC, so the ALJ's failure to specifically include that limitation in the RFC or hypotheticals to the VE does not change the outcome here. Def. Br. at 2–3. The Court agrees.

In the most recent decision, the ALJ identified three jobs—based on VE testimony—that Plaintiff could perform considering her age, education, work experience, and RFC: Document preparer, bench hand, and table worker. AR at 944. The VE testified that there are 99,500 document preparer jobs nationally. *Id.* at 980. Although the ALJ did not include Dr. Postovoit's daytime shift restriction in her hypotheticals to the VE, vocational testimony from one of the earlier hearings in this matter covered that issue. On October 28, 2015, VE Todd Gendreau testified that the job of document preparer had "only day shifts." *Id.* at 615. The job of document preparer would therefore satisfy all of the identified elements that should have been included in the RFC.

At step five of the disability evaluation process, the ALJ must determine whether there are jobs existing in significant numbers in the national economy that Plaintiff could perform considering her age, education, work experience, and RFC. *See* 20 C.F.R. §

404.1520(a)(4)(v). Even excluding the jobs of bench hand and table worker, the ALJ met this standard. The evidence establishes that there are 99,500 document preparer jobs nationally, which satisfies the "significant numbers" requirement at step five. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 jobs nationwide significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding 64,000 jobs nationwide significant).

In sum, the ALJ identified at least one job existing in significant numbers that Plaintiff could perform considering her RFC and Dr. Postovoit's daytime shift restriction. The ALJ's failure to include Dr. Postovoit's daytime shift restriction in the RFC or hypotheticals to the VE was therefore inconsequential to the nondisability determination. Plaintiff has accordingly failed to show that the ALJ committed harmful error. *See Molina*, 674 F.3d at 1111 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff disability benefits is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of May, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge